IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DE ANZA ANGEL DIMAS,

    Plaintiff,

vs.                                                                                                          1:21-cv-00978-KWR-JFR

PECOS INDEPENDENT SCHOOL DISTRICT BOARD OF EDUCATION;
MICHAEL FLORES, *in his individual capacity*; and
FRED TRUJILLO, Superintendent, *in his individual and official capacity*,

    Defendants.

### ORDER DENYING RULE 56(D) MOTIONS

THIS MATTER comes before the Court upon Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(d) to obtain additional discovery prior to responding to Defendants' Joint Motion for Partial Summary Judgment on Count IV **(Doc. 52)**, and Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(d) to obtain additional discovery prior to responding to Defendant Pecos Independent School District Board of Education's Motion for Partial Summary Judgment on Plaintiff's Title IX claim **(Doc. 55)**. Defendants filed motions for summary judgment in part on the basis of qualified immunity, and in response Plaintiff filed Fed. R. Civ. P. 56(d) motions requesting additional discovery. Having reviewed the pleadings and the relevant law, the Court finds that Plaintiff's motions are not well taken, and therefore, are **DENIED.**

### BACKGROUND

This case is a civil rights suit arising from Plaintiff's claims that she faced discriminatory treatment while a high school student because of her sexual orientation. Plaintiff brings claims against Defendant Michael Flores, Athletic Coordinator for Pecos High School, Defendant Fred Trujillo, Superintendent of the Pecos Independent School District ("PISD"), and Defendants PISD

Board of Education and Pecos High School. Plaintiff asserts the following claims in her First Amended Complaint[1]:

| | | |
|---|---|---|
| Count I: | | Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; against all Defendants |
| Count II: | | Violation of 42 U.S.C. § 1983 for Deprivation of Procedural and Substantive Due Process and Equal Protection; against all Defendants |
| Count III: | | Violation of 42 U.S.C. § 1983 for Failure to Train and Supervise as to Discriminatory Enforcement of School Policy; against Pecos Independent School District Board of Education and Fred Trujillo |
| Count IV: | | Fourteenth Amendment Substantive Due Process Claim (Invasion of Privacy under 42 U.S.C. 1983)[2] against Defendants Flores, Pecos Independent School District Board of Education, and Fred Trujillo; |

### DISCUSSION

After Defendants filed two motions for summary judgment, Plaintiff responded with two Rule 56(d) affidavits, in which she requests that the Court defer a ruling on Defendants' motions so that she may conduct discovery. This is Plaintiff's second attempt at obtaining Rule 56(d) discovery. Plaintiff has not shown that the requested discovery is essential to justify her opposition to the motions for summary judgment. Therefore, the Court will deny the Rule 56(d) motions.

Plaintiff requests Rule 56(d) discovery in response to a motion that in part raised the defense of qualified immunity. "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir.), *cert. denied*, 135 S. Ct. 881 (2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). However, Rule 56(d)(2) authorizes a Court to allow time to obtain discovery where the party

---

[1] These claims differ from those asserted in the original complaint, and which the Court partially addressed in prior opinions. The First Amended Complaint omits Counts V and VI, and replaces Count IV. Previous Count IV was dismissed without leave to amend.

[2] Plaintiff asserted an invasion of privacy claim under the Fourteenth Amendment for the first time in her First Amended complaint. Defendants assert that the Court did not grant Plaintiff leave to file an amended complaint as to this claim. *See* **Doc. 35** (order dismissing certain claims and granting leave to amend as to other claims); **Doc. 47** (amended complaint).

opposing summary judgment shows that "it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d)(2). These facts must be presented in the form of an affidavit. *See* Fed. R. Civ. P. 56(d). While the affidavit "need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (referring to Rule 56(f), which was recodified as Rule 56(d) by amendments effective December 1, 2010). "The nonmovant must also explain how additional time will enable [her] to rebut the movant's allegations of no genuine issue of material fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

This burden is somewhat elevated in qualified immunity cases because officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quotations omitted). "Because 'the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery' ... there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense." *Martin v. County of Santa Fe*, 626 Fed.Appx. 736, 740 (10th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

However, "[a]lthough an assertion of qualified immunity heightens the Rule 56(d) burden, 'limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.' " *Gomez v. Martin*, 593 Fed.Appx. 756, 760–61 (10th Cir. 2014) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). "[T]he plaintiff bears the burden of demonstrating 'how such discovery will raise a genuine fact issue as

to the defendants' qualified immunity claim.' " *Martin*, 626 Fed.Appx. at 740 (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

Plaintiff must show "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citations and internal quotation marks omitted). Plaintiff must also show that the discovery is essential to creating a genuine fact issue or overcoming Defendants' qualified immunity claim. *Martin*, 626 Fed.Appx. at 740.

Defendants moved for summary judgment and asserted qualified immunity on Count IV, a claim for violation of Plaintiff's substantive due process right. Plaintiff asserts that Defendants violated her substantive due process rights by invading her privacy. Plaintiff has not explained how the requested discovery would be essential for her in creating a genuine dispute of material fact, overcoming qualified immunity, or overcoming the legal issues identified by Defendants in their motion for summary judgment. *See, e.g., Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (Plaintiffs did not link requested discovery to their ability "to justify [their] opposition" to summary judgment on the qualified immunity issue). Therefore, the Court finds the motion for Rule 56(d) discovery as to Count IV (Doc. 52) not well taken.

In response to the Title IX summary judgment motion, Plaintiff also seeks additional discovery on six of Defendant's asserted undisputed material facts, 2, 3, 4, 10, 12, and 21. As explained below, Plaintiff has not shown that additional discovery would be essential to showing a genuine dispute of material fact as to the Title IX claim.

4

Defendant moved for summary judgment, asserting that Plaintiff could not meet satisfy the elements of a Title IX claim. Generally, to succeed on a claim under Title IX, "a plaintiff must show: (1) that he or she was excluded from participation in, denied the benefits of, or subjected to discrimination in an educational program; (2) that the program receives federal assistance; and (3) that the exclusion from the program was on the basis of [gender]." *Seamons v. Snow*, 84 F.3d 1226, 1232 (10th Cir. 1996). A recipient of federal funds "intentionally violates Title IX, and is subject to a private damages action, where the recipient is deliberately indifferent to known acts of teacher-student discrimination." *Davis ex. rel. LaShonda D v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). Where teacher-on-student harassment or discrimination is involved, to plausibly state a Title IX claim, a plaintiff must allege: (1) the school or school district was deliberately indifferent to acts of harassment of which it has actual knowledge, (2) the harassment was reported to an appropriate person with the authority to take corrective action to end the discrimination, and (3) the harassment was so severe, pervasive and objectively offensive that it, (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *See Escue v. N. OK Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006); *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1105 (9th Cir. 2020); *see also Simpson v. Univ. of Colorado Boulder*, 500 F.3d 1170, 1177–78 (10th Cir. 2007) (holding that the actual notice or knowledge element does not apply in cases that involve official school policy).[3]

Here, Plaintiff has not linked the requested discovery to the legal arguments raised by Defendant in its motion for summary judgment on the Title IX claim. Plaintiff has not explained how the requested discovery is essential for her to show a genuine dispute of material fact that she was excluded from participating in, denied the benefits of, or subjected to discrimination in an

---

[3] The Court applied this standard in a prior opinion in this case, and neither party asserts that it was erroneous to do so. *See* **Doc. 35.** Therefore, the Court assumes it applies here.

educational program. Moreover, Plaintiff has not shown that the requested discovery is essential to showing that a school official discriminated against her. Therefore, Plaintiff's Rule 56(d) motion (Doc. 55) is not well taken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(d) to obtain additional discovery prior to responding to Defendants' Joint Motion for Partial Summary Judgment on Count IV (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that and Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(d) to obtain additional discovery prior to responding to Defendant Pecos Independent School District Board of Education's Motion for Partial Summary Judgment on Plaintiff's Title IX claim (Doc. 55) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall respond to the two pending motions for summary judgment **(Docs. 50, 53)** within **fourteen (14) days** of the entry of this order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE